UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
: 
R.A. R.B.
:
:
                            Petitioner,
:
:
        -v-                                                  :           26 Civ. 264 (JPC)
:
LADEON FRANCIS, *et al.*,                     :           ORDER
:
                            Respondents.
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        In a letter dated February 5, 2026, a copy of which is attached to this Order, Matthew Chayes, a reporter for *Newsday*, requested that the Court provide "access to and copies of all documents filed so far in this matter, as well as to oppose any future sealing of documents." No later than February 11, 2026, the parties should file letters with their views on Mr. Chayes's request, and, if they believe the records in this case should be sealed, why the privacy interests outweigh the presumption of public access to court documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

        SO ORDERED.

Dated: February 9, 2026
       New York, New York

                                                        JOHN P. CRONAN
                                                        United States District Judge

February 5, 2026

U.S. District Judge John P. Cronan
Southern District of New York
500 Pearl Street
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

Dear Judge Cronan:

I am a member of the public and a reporter for Newsday covering the case of R.A.R.B. v. Francis et al., 1:26-cv-00264-JPC. I am writing to seek access to and copies of all documents filed so far in this matter, as well as to oppose any future sealing of documents. Nearly all documents contained on the public docket — as queried via PACER, in person at public terminals at the courthouse, and by SDNY record clerk Pedro Camacho this afternoon — are inaccessible to the public. ("You do not have permission to view this document," PACER says when the documents are sought.)

As you know, under both our Constitution and the common law, there is a presumptive right of access for the press and public to court proceedings and judicial documents. This presumption — which applies to motions, petitions, letters, memoranda, responses, declarations and more — can be overcome only if a judge makes specific, on-the-record findings of a compelling interest in maintaining secrecy. Any sealing must be narrowly tailored.

The petitioners' attorneys and other representatives have convened multiple press conferences, including the day this petition was filed[1] and the next day to announce that it had been filed[2] to discuss the circumstances of, and make factual claims about, his detention, immigration status and other matters presumably discussed in the documents filed with and by the Court. The Department of Homeland Security has disclosed his name and made allegations that are also mentioned in these documents. The case has garnered widespread attention, is a matter of public concern, and the public and press must be able to assess the merits of the case through legal filings, not just via extrajudicial statements by the parties.

Thank you for your consideration.


Matthew Chayes
Newsday
mchayes@newsday.com

---

[1] https://www.newsday.com/new-york-city-council-us-immigration-and-customs-enforcement-ln6p0jgx
[2] https://www.politico.com/news/2026/01/13/new-york-city-council-detained-employee-dhs-00725904