```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                        :
R.A. R.B.                                               :
                                                        :
                              Petitioner,               :
                                                        :
                -v-                                     :     26 Civ. 264 (JPC)
                                                        :
LADEON FRANCIS, et al.,                                 :           ORDER
                                                        :
                              Respondents.              :
                                                        :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

At the hearing scheduled for February 20, 2026, counsel for both parties should be prepared to discuss the following topics:

(1) Whether any documentation issued in 2025 or 2026 shows if Petitioner's Temporary Protected Status ("TPS") has been confirmed or withdrawn.

(2) Whether the United States District Court for the Northern District of California had jurisdiction to issue its December 10, 2025 declaratory judgment. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Old Wayne Mut. Life Ass'n v. McDonough*, 204 U.S. 8, 16 (1907) (explaining that comity between courts "does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given" (internal quotation marks omitted)).

(3) Whether there is a mutuality of parties between this action and the Northern District of California action. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 403 (2024) (Thomas, J., concurring) ("In the context of associational standing, the general [mutuality] rule would mean that preclusion applies only to the association, even though the purpose of the association's suit is to assert the injuries of its members."); *Benenson v. Comm'r of Internal Revenue*, 910 F.3d 690, 697-98 (2d Cir. 2018) (holding that there was no mutuality between a company and an individual who controlled that company, and noting that the discussion of privity in *Taylor v. Sturgell*, 553 U.S. 880, 893-896 (2008), assumed "the context of private-party litigation").

(4) Whether the issues decided in the Northern District of California action involved "pure questions of law" such that "the interests of finality and judicial economy [favoring preclusion] may be outweighed by other substantive policies." *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 719 (2d Cir. 1993); *see also Env't*

        *Def. v. EPA*, 369 F.3d 193, 203 (2d Cir. 2004) ("While we recognize that [*United States v.*] *Mendoza* only precludes nonmutual offensive collateral estoppel against the government, its rationale is informative in a case like this, which affects the public interest and is only one of a series of legal challenges across the country.").

(5)    Whether the Department of Homeland Security acted unlawfully in vacating its January 2025 TPS decision regarding Venezuela, *see* 90 Fed. Reg. 8805, and if so, why.

SO ORDERED.

Dated: February 17, 2026
       New York, New York

                                                         JOHN P. CRONAN
                                                   United States District Judge