

ROSS & ASMAR LLC
ATTORNEYS AT LAW

499 7th Avenue, 23rd FL. S. Tower
New York, New York 10018
tel_212.736.4202
fax_212.736.2873
www.rossasmar.com

February 23, 2026

**By ECF**

The Honorable John P. Cronan

United States District Judge

United States Courthouse

500 Pearl Street

New York, New York 10007

**Re: R.A.R.B. v. Francis, et al., No. 26 Civ. 264 (JPC)**

**Dear Judge Cronan:**

Petitioner respectfully submits the attached DHS/USCIS E-Verify guidance as Exhibit A in support of the pending habeas petition.

E-Verify is the federal government's official employment authorization verification system operated by U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), in coordination with the Social Security Administration ("SSA"). Employers nationwide use E-Verify to confirm whether a noncitizen currently maintains lawful status and valid work authorization documentation. As such, E-Verify guidance reflects how DHS is implementing and recognizing immigration status in real time.

The submitted guidance addresses Venezuela Temporary Protected Status ("TPS") in light of the Supreme Court's stay. It expressly explains that, notwithstanding the stay allowing termination to take effect generally, a defined subset of Venezuelan TPS beneficiaries who timely re-registered and/or received TPS-related documentation with specified expiration dates will maintain TPS status and their documentation will remain valid pending resolution of the litigation.

This is not advocacy material or a third-party interpretation. It is the Government's own operational statement describing which individuals continue to maintain TPS status notwithstanding the stay. Petitioner contends that he falls squarely within that protected subgroup based on his timely TPS re-registration and TPS-related documentation. Respondents' opposition rests on the premise that Petitioner no longer maintains TPS protection. The Government cannot credibly take inconsistent positions—informing employers and the public through DHS/USCIS that certain individuals maintain TPS status while asserting before this Court that the same individuals do not. Accordingly, Exhibit A corroborates that TPS protections remain operative for Petitioner's cohort and that the statutory protections, including 8 U.S.C. § 1254a(d)(4), continue to apply.

Respectfully submitted,

Roger Asmar, Esq.

Ross & Asmar LLC

Attorneys for Petitioner

# Exhibit A

# Update: Supreme Court Order for TPS Venezuela

**Release Date:** November 14, 2025

On Feb. 5, 2025, DHS issued a Federal Register notice that terminated the 2023 designation of TPS for Venezuelans and ends TPS and related benefits associated with the designation on April 7, 2025.

On March 31, 2025, Judge Edward Chen, a federal judge in San Francisco, ordered the department to continue TPS for Venezuelans. See National TPS Alliance, et al., v. Kristi Noem et al., No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025). For more information, please see the Federal Register notice.

On May 19, 2025, the U.S. Supreme Court granted the government's request for an emergency stay of Judge Edward Chen's order in National TPS Alliance, et al., v. Kristi Noem et al., No. 3:25-cv-01766 (N.D. Cal. March 31, 2025). Based on the Supreme Court's order, the March 31, 2025, district court order in case No. 3:25-cv-1766 was stayed pending the disposition of the government's appeal in the United States Court of Appeals for the Ninth Circuit.

On May 30, 2025, the district court in case No. 3:25-cv-1766 ordered that—pending resolution of the litigation—TPS beneficiaries who received TPS-related documentation with October 2, 2026, expiration dates on or before February 5, 2025, will maintain that status and their documentation will remain valid.

On Sept. 5, 2025, the U.S. District Court for the Northern District of California issued a final order setting aside Secretary Noem's decision and allowed the 2023 TPS designation of Venezuela to continue.

**Update:** On October 3, 2025, the Supreme Court allowed the termination of the 2023 Venezuela TPS designation to take immediate effect.

What this means for Forms I-766, Employment Authorization Documents (EADs):

- For beneficiaries of the 2021 Designation for Venezuela TPS who do not have an EAD or Form I-94, Arrival-Departure Record, with an October 2, 2026 expiration date, their TPS and employment authorization terminates on November 7, 2025. EADs with a category A12 or C19 and a Card Expires date of Sept. 10, 2025; March 10, 2024; or Sept. 9, 2022, issued under the 2021 TPS designation of Venezuela are automatically extended until Nov. 7, 2025. Employers must reverify TPS Venezuela beneficiaries who presented these EADs before they start work on Nov. 8, 2025.
- With a timely filed EAD renewal application, EADs with a category A12 or C19 and a Card Expires date of Sept. 10, 2025 or April 2, 2025 for TPS beneficiaries who reregistered under the Jan. 17, 2025 Extension notice, may still be automatically extended for up to 540 days. Employees must present their Form I-797, Notice of Action indicating their Form I-765, Application for Employment Authorization, EAD renewal application was received before Feb. 6, 2025.