

499 7th Avenue, 23rd FL. S. Tower
New York, New York 10018
tel_212.736.4202
fax_212.736.2873
www.rossasmar.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**R.A.R.B.,**
Petitioner,

v.

**LADEON FRANCIS, et al.,**
Respondents.

No. 1:26-cv-00264-JPC

### LETTER REGARDING (1) JURISDICTIONAL SIGNIFICANCE OF THE DECEMBER 10, 2025 ORDER AND (2) TPS RE-REGISTRATION PENDENCY / I-797 LANGUAGE

The Honorable John P. Cronan
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

March 2, 2026

**Re: R.A.R.B. v. Francis et al., No. 1:26-cv-00264-JPC**

**Dear Judge Cronan:**

Petitioner respectfully submits this letter to address two issues Your Honor raised at oral argument: (1) Petitioner's view of Judge Chen's jurisdiction to issue the December 10, 2025 judgment (the "December 10 Order"), and (2) the TPS status of individuals who timely submitted TPS re-registration but are awaiting USCIS adjudication, including why USCIS Form I-797 notices contain standard language stating that the notice itself does not grant status or immigration benefits.

**I. The December 10 Order: this Court is not asked to exercise appellate jurisdiction over another district; it is asked to decide the legality of detention under 28 U.S.C. § 2241.**

Petitioner does not contend that this Court sits in review of, or has supervisory appellate jurisdiction over, a district court in California. Rather, this Court's jurisdiction arises from 28 U.S.C. § 2241 to decide whether Petitioner's present restraint is "in custody in violation of the Constitution or laws or treaties of the United States." The question for this Court is thus the legality of the detention and the Government's asserted detention authority in light of federal law governing TPS and due process.

In that analysis, the December 10 Order is relevant in two limited ways: (a) as persuasive authority interpreting the TPS statute and the lawfulness of the challenged agency action, and (b) because TPS is a federal, nationally administered designation, so a federal court order that sets aside or enjoins the federal agency's termination action (whether on APA/statutory grounds or otherwise) operates on the federal defendants' conduct nationwide unless stayed, narrowed, or reversed by a higher court. Petitioner's submission is not that the December 10 Order "binds SDNY as precedent," but that it informs whether DHS has lawfully terminated TPS protections for Petitioner's cohort and, correspondingly, whether DHS may detain Petitioner on a status-based theory that Congress restricted in 8 U.S.C. § 1254a(d)(4).

## II. Judge Chen's jurisdiction to issue the December 10 Order.

Petitioner's position is that Judge Chen had subject-matter jurisdiction to adjudicate the legality of DHS's TPS termination action because the challenge presents federal questions under the Constitution and laws of the United States (including the TPS statute) and seeks review of federal agency action. Federal district courts routinely exercise such jurisdiction in actions against federal agencies and officers, and may enter declaratory and injunctive relief directed at federal defendants where the plaintiffs establish entitlement to such relief. Petitioner recognizes that the geographic and remedial scope of any particular injunction (including whether relief is nationwide, limited to parties, or class-based) depends on the claims, parties, and the court's remedial findings in that case. For purposes of this habeas proceeding, Petitioner relies on the December 10 Order primarily as persuasive authority and as evidence of the operative federal litigation posture surrounding the challenged TPS termination for Petitioner's cohort—not to ask this Court to enforce the December 10 Order as an injunction in this docket.

## III. TPS re-registration pendency: timely re-registration preserves TPS eligibility and documentation effects pending adjudication; the I-797 disclaimer is standard and does not negate statutory protection.

### A. Why timely TPS re-registration can preserve protection while USCIS processes the filing.

TPS is a status created by statute and implemented through DHS/USCIS regulations and published guidance. When DHS extends a TPS designation and directs beneficiaries to re-register by a specified deadline, timely re-registration generally preserves the beneficiary's continued eligibility to remain in TPS while USCIS completes adjudication—particularly where DHS has issued automatic extensions of TPS-related documentation and/or where court orders affect the termination/extension posture. In other words, a person's TPS protection is not created by the paper receipt itself; it flows from the TPS statute, DHS's designation/extension framework, and the individual's timely compliance with re-registration requirements.

### B. What an I-797 Notice of Action means—and why it says it "does not grant status or immigration benefits."

USCIS Form I-797 is a general-purpose notice used for many types of filings (receipts, approvals, transfers, requests for evidence, etc.). The standard sentence stating that the notice "does not grant any immigration status or benefits" is meant to prevent misuse of a receipt/notice as a stand-alone substitute for an approval. In plain terms: a receipt notice is proof that USCIS received the filing and that adjudication is pending; it is not, by itself, an approval.

That standard disclaimer, however, does not mean a TPS beneficiary loses protection during a properly filed re-registration period. TPS protection and related statutory benefits exist because Congress created them in 8 U.S.C. § 1254a and DHS has designated/extended TPS (and, as applicable, issued automatic documentation extensions). The I-797 language simply clarifies that the notice is not itself the legal source of status; it is evidence of a pending filing that, when combined with the underlying TPS designation/extension and the individual's timely re-registration, supports continued TPS-related protection and documentation validity during processing.

**C. Application to Petitioner.**

Petitioner timely submitted TPS re-registration in accordance with DHS/USCIS instructions applicable to Venezuela TPS and received I-797 Notices of Action acknowledging receipt. Petitioner's position is that his protection derives from the TPS statutory scheme and the operative TPS litigation posture for his cohort; his I-797 notices are not offered as stand-alone proof of "status," but as corroborating evidence that he timely complied with the re-registration requirement and remains within the protected cohort while USCIS processes the filing. Accordingly, the pendency of adjudication does not, on its own, defeat TPS-related protection, nor does the generic I-797 disclaimer negate Congress's TPS statutory protections, including the limitation on status-based detention in 8 U.S.C. § 1254a(d)(4).

Petitioner respectfully submits this clarification in response to the Court's questions and stands ready to provide any additional briefing the Court may request.

Respectfully submitted,

Roger Asmar, Esq.
Ross & Asmar LLC
Attorneys for Petitioner
cc: Counsel of Record (via ECF)