UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
R.A. R.B.                                                               :
                                                                        :
                           Petitioner,                                  :
                                                                        :
             -v-                                                        :   26 Civ. 264 (JPC)
                                                                        :
LADEON FRANCIS, *et al.*,                                               :   ORDER
                                                                        :
                           Respondents.                                 :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 13, 2026, the Court issued an Order announcing its intent to unseal all filings in this case in response to a request from a reporter for *Newsday* that the Court provide "access to and copies of all documents filed so far in this matter, as well as to oppose any future sealing of documents," Dkt. 27.  *See* Dkt. 34.  The Court issued that Order after Petitioner advised that he does not believe the records in this matter should be sealed, Dkt. 31, and Respondents expressed no objection to unsealing.

In its February 13 Order, the Court directed the parties to "propose redactions to all exhibits that contain personally identifiable information or otherwise reveal sensitive material appropriate for redaction by February 18, 2026, in accordance with Rule 4 of the undersigned's Individual Rules and Practices in Civil Cases."  Dkt. 34.  On February 18, 2026, the New York City Council, the *amicus curiae* in this case, proposed redactions of the names and contact information of nonparty City Council staff members contained in its brief and accompanying papers.  Dkt. 38.  But the Court did not receive any proposed redactions from Petitioner or Respondents by the February 18 deadline, so the Court issued another Order on February 20, 2026, *sua sponte* extending that deadline and directing that any redactions be proposed no later than February 25, 2026.  Dkt. 42.

No redactions were proposed by Petitioner or Respondents by that date either.

At the hearing on Petitioner's habeas petition on February 26, 2026, despite failing to submit any proposed redactions as twice ordered by the Court, Petitioner's counsel expressed for the first time his request that certain personal information of his client be redacted. (Respondents' counsel confirmed that her clients were not seeking any redactions.) The Court then directed Petitioner's counsel to propose redactions no later than February 27, 2026.

Later on February 26, Petitioner's counsel filed a letter that utterly failed to comply with the Court's multiple Orders. Instead of proposing redactions in accordance with the undersigned's Individual Rules, Petitioner's counsel's letter provided a list of "Locations of Identifiers in the Petition PDF (Non-Exhaustive, By Page)." Dkt. 45. This was insufficient for a number of reasons. First, Rule 4 of the undersigned's Individual Rules and Practices in Civil Cases, to which the Court has repeatedly directed Petitioner, *see* Dkts. 34, 42, requires, *inter alia*, that for each document that a party seeks to have redacted, the party file on the docket a proposed redacted version of the document and send to the Court an unredacted version highlighting the proposed redactions. Second, the letter failed to address the many other documents filed in this case, aside from the Petition, which contain personal information of Petitioner. Indeed, Petitioner's counsel's letter did not even bother to clarify which "Petition" he was referring to, as Petitioner has filed both an initial Petition, Dkt. 1, and an Amended Petition, Dkt. 16.

With three weeks now having passed since the Court ordered unsealing, and Petitioner's counsel still unable (or unwilling) to comply with simple judicial directives, the Court declines to have more time pass without its unsealing order taking effect. Accordingly, the Court took it upon itself to redact certain private information concerning Petitioner in the parties' filings. Those redactions are of Petitioner's date of birth, residential address, email address, phone number, and alien number, and are found at Docket Numbers 16-2, 16-3, 16-4, 16-5, 20-1, 20-2, 20-3, 20-4, 21,

24-1, and 41. The Court also approves the redactions proposed by the New York City Council, which again are limited to the names and contact information of nonparty City Council staff members. The redacted filings of the City Council are found at Docket Numbers 26 and 26-1. The Court concludes that the privacy interests of Petitioner and third parties protected by these limited redactions overcome the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

    SO ORDERED.

Dated: March 3, 2026
       New York, New York

                                      JOHN P. CRONAN
                                  United States District Judge

3